IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEDSTROM CORPORATION, *et al.*, | ) | Bankruptcy Judge Jack B. Schmetterer |
| | ) | |
| Debtors, | ) | 04-38543 |
| | ) | (Jointly Administered) |
| | ) | |
| HEDSTROM CORPORATION, ERO, INC., ERO INDUSTRIES, INC., PRISS PRINTS, INC., ERO CANADA, INC., | ) | 05 C 6888 |
| | ) | Judge Ronald A. Guzmán |
| Plaintiffs, | ) | |
| v. | ) | |
| WAL-MART STORES, INC. and WAL-MART CANADA, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hedstrom Corp., Ero, Inc., Ero Industries, Inc., Priss Prints, Inc. and Ero Canada, Inc. (collectively, "Hedstrom"), which are in Chapter 11 bankruptcy proceedings, have sued defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Wal-Mart Canada, Inc. ("Wal-Mart Canada") for unpaid receivables. The matter is before the Court on Wal-Mart's motion to withdraw the reference of the adversary proceeding from the bankruptcy court. For the following reasons, the motion is denied.

## Background

October 18, 2004, Hedstrom, formerly a manufacturer, importer and distributor of sports leisure products, filed for relief under Chapter 11 of the Bankruptcy Code. (Pls.' Compl. ¶ 1.) On November 4, 2005, Hedstrom filed an adversary action against Wal-Mart and Wal-Mart Canada for unpaid receivables. (*Id.* ¶ 6.) In its answer, Wal-Mart denied owing Hedstrom for the receivables and asserted as an affirmative defense that it is entitled to setoffs for liabilities and expenses arising out of products liability and patent infringement cases involving products sold by Hedstrom to Wal-Mart. (Wal-Mart's Answer at 6.) Wal-Mart now contends that the adversary action is a non-core proceeding that should be withdrawn from the bankruptcy court and litigated here.

## Discussion

District courts have original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code. 28 U.S.C. § 1334(b). In this district, however, bankruptcy cases are automatically referred to the bankruptcy court. *See* 28 U.S.C. § 157(a) (giving district courts power to refer cases arising under Title 11 to bankruptcy court); LR 40.3.1(a) ("Pursuant to 28 U.S.C. §157(a), all cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to any cases under Title 11 U.S.C. are referred to the bankruptcy judges of this District."). A district court may withdraw a case referred to the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Because withdrawal of a reference is not intended to be an 'escape hatch' from bankruptcy court into district court, courts prefer to grant such relief only in a limited class of proceedings." *In re Coe-Truman Techs., Inc.* 214 B.R. 183, 185 (N.D. Ill. 1997) (citing *In re E&S Facilities, Inc.*, 181 B.R. 369 (S.D. Ind. 1995),

*aff'd*, 96 F.3d 949 (7th Cir. 1996)). The moving party has the burden of proving that the reference should be withdrawn. *Id.* (citations omitted).

Section 157(d) does not define "cause," but courts generally consider the following factors in determining whether a reference should be withdrawn: "judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding is core or non-core." *Id.* at 187.

The most important factor is whether the adversary proceeding is core or non-core. *Id.* "'[A] proceeding is core . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state." *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). Core proceedings include, among others, "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship." 28 U.S.C. § 157(b)(2)(A), (B), (O).

Hedstrom is suing Wal-Mart for breach of contract, a claim that the parties agree is non-core. (Wal-Mart's Mot. Withdraw Reference at 3; Pls.' Resp. at 5-6); *see In re Coe-Truman*, 214 B.R. at 187 (noting that "breach of contract claims have consistently and traditionally been found to be non-core") (citations omitted). What they dispute, however, is whether Wal-Mart's affirmative defense of setoff transforms this otherwise non-core proceeding into a core suit.

3

Wal-Mart relies primarily on *In re Concept Clubs, Inc.*, 154 B.R. 581 (D. Utah 1993) to support its position that the setoff defense does not alter the non-core nature of the case. In that case, the Concept Clubs bankruptcy trustee sued Jean Bob, Inc. in bankruptcy court for breach of contract and turnover of funds. *Id.* at 583. Jean Bob asserted a setoff defense, filed a jury demand and asked the court to withdraw the reference from the bankruptcy court. *Id.* Thus, the *Concept Clubs* court had to decide whether the setoff defense constituted a claim against the bankruptcy estate that waived Jean Bob's right to a jury trial and subjected it to the jurisdiction of the bankruptcy court. *Id.*

The court said no, reasoning that a claim of setoff, which seeks a monetary recovery from the bankruptcy estate, is qualitatively different from a defense of setoff, which seeks only to reduce a claim held by the estate:

> [T]his court finds that . . . when a creditor seeks an affirmative recovery from the estate through setoff, a proof of claim must be filed. Such a requirement follows because an affirmative recovery raised through setoff implicates the allowance and disallowance of claims against the estate. . . . [T]he process of claims allowance invokes the equitable powers of the bankruptcy court's jurisdiction. By contrast, setoff raised as an affirmative defense only reduces, or extinguishes, the amount sought by the trustee for the estate. When raised as an affirmative defense, the bankruptcy court's equitable jurisdiction is not required because setoff as a *defense* does not involve the claims allowance process.

*Id.* at 589 (emphasis in original) (citation omitted). Because Jean Bob sought only to reduce the amount claimed by the estate, the court concluded that its setoff defense did not invoke the bankruptcy court's jurisdiction or waive its right to a jury trial. *Id.*

The court in *In re Commercial Financial Services, Inc.* 251 B.R. 397 (Bankr. N.D. Okla. 2000), a case on which Hedstrom relies, reached the opposite conclusion. In that case, Commercial Financial Services, Inc. ("CFS"), operating as a debtor-in-possession, sued defendant Jones for

4

breach of contract. *Id.* at 400. Like Jean Bob, Jones filed a motion to withdraw the reference and an affirmative defense of setoff and made a jury demand. *Id.*

Unlike the *Concept Clubs* court, however, the *Commercial Financial* court saw little difference between a claim of setoff and a defense of setoff:

> This Court fails to see a distinction between obtaining something of value from the estate by filing a claim and obtaining something of value from the estate, *i.e.*, discharge of all or a portion of a debt to CFS, by asserting setoff as a defense. In both cases, the estate may be diminished and Jones may be enriched. Nor can the Court comprehend how asserting the defense of setoff does not seek the restructuring of debtor-creditor relations between CFS and Jones in the most classic sense. Setoff, by its very definition, requires mutual *debts and claims*. 11 U.S.C. § 553(a). Jones has "trigger[ed] the process of 'allowance and disallowance of claims,'" thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331. By alleging a right of setoff, Jones has chosen to participate (albeit in a limited manner) in the allocation of the bankruptcy estate.

*Id.* at 407 (emphasis in original). Thus, the court concluded that it had core jurisdiction over CFS's breach of contract claim and Jones' setoff defense and recommended that the district court deny the motion to withdraw. *Id.* at 408, 412-13.

This Court finds the reasoning of *Commercial Financial* more persuasive than that of *Concept Clubs*. Whether Hedstrom writes Wal-Mart a check or cancels Wal-Mart's receivable, the end result is the same: the bankruptcy estate will be significantly diminished. Because Wal-Mart's claimed setoff directly impacts the distribution of the bankrupt's assets, the Court holds that it falls within the bankruptcy court's core jurisdiction. *See In re Mantelman*, No. 01 C 9915, 2002 WL 922087, at *1 (N.D. Ill. May 6, 2002) (holding defendant waived right to jury trial, and thus basis for withdrawal of reference, by asserting defense of setoff because "[a] setoff is but another way of making a claim against the estate, and it invokes the equitable jurisdiction of the bankruptcy court"); *In re N. Am. Energy Conservation, Inc.*, Nos. 00-40563(PCB), 00-276, 00CIV4302(SHS), 2000 WL

5

1514614, at *2-3 (S.D.N.Y. Oct. 12, 2000) (denying motion to withdraw reference and stating that "regardless of whether a setoff is labeled an 'affirmative defense' or a 'counterclaim,' a setoff is a claim against the bankruptcy estate").

The other factors relevant to this motion also militate against withdrawal. Judicial economy is better served by leaving the case with the bankruptcy court which, having presided over the bankruptcy case for more than a year, is already familiar with the facts and the parties. Moreover, allowing the bankruptcy court to preside over all matters related to Hedstrom, rather than splitting claims by and against Hedstrom between two courts, will conserve the parties' resources and promote the efficient administration of bankruptcy.

In short, all of the permissive withdrawal factors favor leaving this case in the bankruptcy court. Wal-Mart's motion to withdraw the reference is, therefore, denied.

### Conclusion

For the foregoing reasons, the Court denies Wal-Mart's motion to withdraw the reference [doc. no. 1]. This case is hereby terminated.

**SO ORDERED.**                                **ENTERED:**

APR 2 4 2006

_____
HON. RONALD A. GUZMAN
**United States District Judge**